**FRANKLIN INVESTMENT CO., Inc., a corporation, Appellant,**

v.

**Walter N. TOBRINER, et al., constituting the Board of Commissioners for the District of Columbia, Appellees.**

No. 16287.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 17, 1961.

Decided Dec. 7, 1961.

Mr. John T. Bonner, Washington, D. C., for appellant.

Mr. John R. Hess, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before BAZELON, BASTIAN and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellant, a corporation engaged in the business of financing the purchase of automobiles, appeals from an adverse summary judgment rendered by the District Court in a suit for declaratory judgment. Appellant challenges the validity of portions of Sec. 304 of the Regulations Governing the Businesses of Buying, Selling and Financing of Motor Vehicles in the District of Columbia, Order No. 60–2219 as being beyond the scope of authority granted by Congress.

This regulation was issued by the District Commissioners pursuant to Public Law 86–431 which authorized the Commissioners under § 2(e) (1) to make and enforce regulations "specifying the types and maximum amounts of insur-

ance which may be *required*, at the expense of the retail buyer [of automobiles], to protect from loss the seller in a retail installment transaction * *." 74 Stat. 69 (1960), 40 D.C. Code Ann. § 902 (1961). (Emphasis added.)

The important portions of the assailed regulation promulgated by the Commissioners under this authority read as follows:

"Section 304. *Types and Amounts of Insurance*

"(a) A buyer who executes a retail installment contract *may be required* to provide, at his own cost, insurance covering the motor vehicle for the protection of the holder. The insurance so required shall be limited to (1) collision insurance with a deductible of at least $50, (2) towing and labor costs, and (3) comprehensive or fire and theft, with or without combined additional coverage. * * *

"(b) With the agreement of the buyer, charges, not exceeding the premiums chargeable under applicable law, *may be included* in the retail installment contract for the cost of the following types of insurance: automobile bodily injury and property damage caused others, automobile medical payments and credit life. No costs shall be included in the retail installment contract for any type of insurance not authorized by this section. (Emphasis added.) Regulations Governing the Businesses of Buying, Selling and Financing of Motor Vehicles in the District of Columbia, Order No. 60–2219."

Appellant's sole contention on appeal is that while Public Law 86–431, 74 Stat. 69 (1960), 40 D.C. Code Ann. § 902 (1961), authorized the District Commissioners to make regulations as to the types and amounts of insurance that might be *required* of a buyer by a seller, it did not authorize any regulation of the types and amounts of insurance which *might be included* in the contract. Since the language regarding what may be "included" is confined to part (b) of the regulation quoted above, it is to that section that appellant directs argument. In our view, however, the appellant has read the language of part (b) too literally and has misconceived its true effect.

Appellant's argument overlooks the practical aspect of the congressional finding that the car dealer's objectionable means of *requiring,* if not coercing, the purchase of the particular insurance was to *include* it in the conditional sales contract as part of a "package sale." By the same token, the means selected by the Commissioners to implement the congressional intent was to preclude the objectionable conduct by prescribing what may lawfully be included in the conditional sales contract, and necessarily forbidding the inclusion of other elements.

The Commissioners were not compelled to use the precise language Congress used; they were free to use whatever language would reasonably give effect to the stated objectives of the statute. We hold they have not exceeded the authority vested in them by Public Law 86–431, 74 Stat. 69 (1960), 40 D.C. Code Ann. § 902 (1961).

Affirmed.